**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY STEVENSON, | |
| Plaintiff, | Civ. No. 08-3263 (DRD) |
| v. | **O P I N I O N** |
| DR. JOHN HOCHBERG, | |
| Defendant. | |

*Appearances by:*

PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN PC
Anthony M. Rainone, Esq.
The Legal Center
One Riverfront Plaza
8th Floor
Newark, New Jersey 07102

   *Attorneys for Plaintiff*

HOLTZMAN & MCCLAIN, PC
Stephen D. Holtzman, Esq.
524 Maple Avenue
Suite 200
Linwood, New Jersey 08221

   *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

On April 30, 2008, Plaintiff Anthony Stevenson filed suit against Defendant John Hochberg, M.D., in the Superior Court of New Jersey, Law Division, alleging violations of 42 U.S.C. § 1983 and "State and Federal rights to be free of cruel and unusual treatment." On June 30, 2008, Dr. Hochberg removed the action to this court. Dr. Hochberg now moves to dismiss all claims in Mr. Stevenson's complaint for failure to exhaust administrative remedies. For the reasons set forth below, the Dr. Hochberg's motion to dismiss will be denied.

## I. BACKGROUND

Mr. Stevenson is an inmate at New Jersey State Prison, where he has been incarcerated at all times relevant to this motion. Mr. Stevenson's complaint, filed while he was a pro se plaintiff, names Dr. Hochberg of Correctional Medial Services, Inc. as the defendant, alleges violations of 42 U.S.C. § 1983, and provides the following basis for the alleged violations of § 1983:

> I am an inmate at Northern State Prison, that was diagnosed with bone spurs & scleosis [sic] that was yet to be treated after confirmation by MRI & X-Ray.
>
> I have repeatedly asked for treatment, and been refused.
>
> This is a violation of my State & Federal rights to be free of cruel & unusual treatment.

(Compl. at 1.) After removing the action to this court, Dr. Hochberg filed an answer, dated July 15, 2008, to Mr. Stevenson's complaint. Dr. Hochberg asserted twenty five separate defenses, including that "Plaintiff's claim is improper and violates the Prison Litigation Reform Act" (Fourteenth Separate Defense) and that "Plaintiff has failed to exhaust all Administrative Remedies" (Sixteenth Separate Defense). (Answer at 4.) On the same day he filed his Answer, Dr. Hochberg also filed a motion, pursuant to Federal Rule of Civil Procedure 30(a), to take the

deposition of Mr. Stevenson "for the preparation of the defense of this matter." On August 18, 2008, Magistrate Judge Shipp signed an order granting Dr. Hochberg's motion to take the deposition of Mr. Stevenson. On October 15, 2008, Dr. Hochberg moved for a supplemental order to permit the court reporter to take a laptop into the Northern State Prison for Mr. Stevenson's deposition. Magistrate Judge Shipp signed such an order on November 14, 2008. Counsel for Dr. Hochberg took Mr. Stevenson's deposition on November 21, 2008. At oral argument on this motion, counsel for Dr. Hochberg represented that he received the transcript of that deposition in mid-December 2008.

In September 2008, Mr. Stevenson served document demands on Dr. Hochberg, to which Dr. Hochberg responded on or about October 14, 2008. On October 30, 2008, Dr. Hochberg filed a Motion for a Confidentiality Order, attaching a confidentiality agreement, signed by Mr. Stevenson and Dr. Hochberg's counsel, to cover confidential documents that might be the subject of discovery in this matter.

On January 29, 2009, this court signed an order appointing pro bono counsel to Mr. Stevenson. At oral argument on this motion, counsel for the parties explained that, once appointed, Mr. Stevenson's counsel asked Dr. Hochberg's counsel for a few weeks to become familiar with the case and to determine whether to file an amended complaint. Mr. Stevenson's counsel determined that he would not file an amended complaint, and Dr. Hochberg then filed this motion to dismiss on March 30, 2009, alleging that Mr. Stevenson's complaint should be dismissed for failure to exhaust his administrative remedies.

## II.  DISCUSSION

**A.     The Prison Litigation Reform Act**

In an attempt to address the vast number of prisoner complaints filed in federal court,

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"). 42 U.S.C. § 1997e et seq. One of the requirements of the PLRA is that prisoners must exhaust "such administrative remedies as are available" prior to filing suit. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 202 (2007). All "available" remedies include those that do not meet federal standards, and prisoners must exhaust all administrative remedies even where the relief sought – such as monetary damages – cannot be granted by the administrative process. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 7312, 739 (2001)). The exhaustion required under the PLRA is "proper" exhaustion, meaning that the inmate must comply with the relevant administrative agency's deadlines and procedural rules and that if he does not do so, he will be deemed to have failed to exhaust the available administrative remedies. Id. at 93.

The Supreme Court recently explained that failure to exhaust administrative remedies is an affirmative defense under the PLRA. Jones, 549 U.S. at 216. Inmates are not required to plead or demonstrate exhaustion in their complaints. Id.

**B.     Standard of Review**

Dr. Hochberg moves to dismiss the complaint "pursuant to the Prison Litigation Reform Act," but does not specify whether he considers the motion a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or a motion for summary judgment under Federal Rule of Civil Procedure 56(c). Because the Dr. Hochberg asserts a failure to exhaust, a 12(b)(6) standard is inappropriate here because "[f]ailure to exhaust administrative remedies is an affirmative defense for which [the Defendant] bear[s] the burden of production and persuasion." Jones v. Morris County Corr. Facility, Civ. No. 06-cv-2461, 2007 WL 1746178, at *2 (D.N.J. June 8, 2007) (citing Jones, 549 U.S. at 216) and Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)).

4

In cases regarding exhaustion of administrative remedies under the PLRA, "[t]he Third Circuit has explicitly stated that '[r]eliance on declarations from prison officials requires conversion'" of motions to dismiss into motions for summary judgment. Jones v. Morris County Corr. Facility, Civ. No. 06-cv-2461, 2007 WL 1118342 at *2 (D.N.J. April 13, 2007) (quoting Hemingway v. Falor, 200 Fed. App'x 86, 90 (3d Cir. 2006)). In support of his motion, Dr. Hochberg has provided the Declaration of Peggy Brooks, who is an "Administrative Assistant II" with the New Jersey Department of Corrections at Northern State Prison in Newark, New Jersey. (Certification of Peggy Brooks, Jan. 8, 2009, ¶ 1.) Because this court will look to the declaration of Ms. Brooks in examining the issue of exhaustion, the motion to dismiss will be converted into one for summary judgment.

When converting a 12(b)(6) motion to one for summary judgment "all parties must be given a reasonable opportunity to present all the material that is pertinent the motion." Fed. R. Civ. P. 12(d). "To exercise the right to oppose summary judgment, a party must have notice." Hancock Indus. v. Schaeffer, 811 F .2d 225, 229 (3d Cir.1987) (quoting Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir.1980)). Usually a court must give the parties notice of its intent to convert a defendant's motion to dismiss into a motion for summary judgment so that the plaintiff is not subjected to "summary judgment by ambush." In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002). In the instant case, however, because Mr. Stevenson does not contest that he failed to exhaust his administrative remedies, and because the court finds that summary judgment for the Dr. Hochberg is not appropriate, the motion will be treated as a motion for summary judgment without giving notice to Mr. Stevenson.

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For

an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

In a motion for summary judgment, the moving party has the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. Id. at 325. If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine issue of fact exists and a trial is necessary. Id. at 324. In meeting its burden, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just create "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The Court's function, however, is not to weigh the evidence and determine the truth of the matter, but, rather, to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate.

**C.     The Defense of Failure to Exhaust Administrative Remedies**

Dr. Hochberg argues that this matter should be dismissed because Mr. Stevenson failed to exhaust his administrative remedies. Mr. Stevenson does not dispute that he did not exhaust his

6

administrative remedies prior to filing this suit. Rather, he argues that Dr. Hochberg has waived or is estopped from asserting this defense. Because there are no questions of fact regarding Mr. Stevenson's exhaustion of his administrative remedies, the question is a purely legal one and is appropriate for summary judgment.

Mr. Stevenson argues that Dr. Hochberg is estopped from asserting or has waived the defense of exhaustion because the litigation has progressed to the point where dismissal based on such a defense would prejudice Mr. Stevenson. He argues that Dr. Hochberg had been fully engaged in the litigation process for close to a year prior to making this motion.[1] During the time that Dr. Hochberg was actively engaged in litigating this matter, he filed an answer, two motions, responded to Mr. Stevenson's discovery requests, and took Mr. Stevenson's deposition. Dr. Hochberg argues that "[d]iscovery was necessary in order to ascertain whether Plaintiff complied with the PLRA and administrative remedy process of the New Jersey Department of Corrections." (Def.'s Reply Letter at 2.) The discovery and other litigation in which Dr. Hochberg engaged, however, went far beyond determining whether Mr. Stevenson exhausted his administrative remedies. As is apparent from the Declaration of Peggy Brooks, filed in support of Dr. Hochberg's motion to dismiss, all that was necessary in order for Dr. Hochberg to determine whether Mr. Stevenson had exhausted his administrative remedies was to inquire with the New Jersey Department of Corrections at Northern State Prison. Rather than diligently pursuing this defense, which Dr. Hochberg pled in his answer on July 15, 2008 – and therefore

---

[1] At oral argument on this motion, counsel for Mr. Stevenson acknowledged that at the end of January 2009, when he was appointed counsel for Mr. Stevenson, he asked counsel for Dr. Hochberg to postpone any action in this matter until he could become familiar with the case and determine whether to file an amended complaint. Dr. Hochberg filed this motion on March 30, 2009. For the purpose of this motion, the court will not include the weeks during which Mr. Stevenson's counsel was becoming familiar with the case in the total calculation of the number of months during which Dr. Hochberg has been actively litigating this case. Rather, the court will assume that Dr. Hochberg was actively engaged in litigation of this case for over nine months before filing this motion to dismiss.

should have had a good faith basis for asserting[2] – Dr. Hochberg fully engaged in the litigation process with Mr. Stevenson, including taking his deposition and responding to document requests, all while Mr. Stevenson was not represented by counsel. Mr. Stevenson argues that, based on Dr. Hochberg's actions – i.e., his full engagement in litigating this matter – Mr. Stevenson has "put forth a great amount of time and effort in reliance on his claim moving forward." (Pl.'s Opp'n Br. at 3.) And he correctly points out that he would be prejudiced in an administrative hearing because Dr. Hochberg now has information from Mr. Stevenson's deposition the he would not have had access to but for this litigation.

The Court of Appeals has noted that "a trial court has discretion to find waiver if a defendant . . . has failed to exercise due diligence or has asserted the defense for dilatory purposes." Eddy, 256 F.3d at 209 (quoting English v. Dyke, 23 F.23d 1086, 1090 (6th Cir. 1994) (internal quotation marks omitted) (discussing waiver of the defense of qualified immunity)). Here, Dr. Hochberg has not exercised due diligence in asserting the defense of failure to exhaust administrative remedies. Rather than working diligently to determine whether Mr. Stevenson had exhausted his administrative remedies, such as by simply placing a phone call to the New Jersey Department of Corrections, Dr. Hochberg engaged in nine months of litigation against Mr. Stevenson, including motion practice, written discovery and the deposition of Mr. Stevenson, at which he was not represented by counsel. Dr. Hochberg, therefore, has waived his

---

[2] Dr. Hochberg cannot argue that he had to plead every possible defense in his answer, as it is well established that failure to raise an affirmative defense does not always result in waiver. Eddy v. Virgin Islands Water and Power Auth., 256 F.3d 204, 209 (3d Cir. 2001) (citing Charpentier v. Godsil, 937 F.2d 859, 863 (3d Cir. 1991)). Rule 15(a) allows for an amendment of a responsive pleading at any time by leave of court to include an affirmative defense, and "leave shall be freely given when justice so requires." Eddy, 256 F.3d at 209; Fed. R. Civ. P. 15(a).

right to assert the defense that Mr. Stevenson failed to exhaust his administrative remedies under the PLRA.

### III.  CONCLUSION

For the reasons set forth above, the Dr. Hochberg's motion to dismiss the complaint is denied.  The court will enter an order implementing this opinion.


                                           _____s/ Dickinson R. Debevoise_____
                                           DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:  May 26, 2009

9